## BROWN, Tutrix *v.* KING, Curator.

Where a party intends to avail himself of a judgment as the foundation of his claim, the whole proceedings upon which the decree was based, must be produced. An incomplete transcript will not be admissible.

A PPEAL from the District Court of Caldwell, *Barry*, J. *Phelps*, for the <span style="float:right">BROWN<br>*v.*<br>KING.</span> plaintiff. *McGuire* and *Ray*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff, in her capacity of administratrix of her husband, *John Brown*, deceased, instituted this action against the defendant, as curator of the estate of *Charles Craig*, deceased, to compel him to recognize and pay, in due course of administration, a balance alleged to be due upon a judgment obtained by *John Brown & Co.* against *Craig* and others, in 1821. From a judgment rendered in favor of the plaintiff, the defendant has appealed.

On the trial of the cause the plaintiff offered in evidence a document as purporting to be a transcript of the suit of *John Brown & Co.* v. *Craig et al.*, the introduction of which was opposed, on the ground that the record was incomplete. The objection was overruled, and a bill of exceptions taken to the opinion of the judge. We think that the judge erred in receiving the testimony. The document offered bears internal evidence that it is not a complete transcript of the record, and this fact further appears from the certificate of the clerk. That officer only certifies, " the foregoing to be true copies from the originals filed in my office, in the suit of *John Brown & Co.* v. *Craig, Haberling & Co.*" The rule appears to be settled that, when a party intends to avail himself a judgment as the foundation of his claim, the whole proceedings upon which the decree was based, must be produced. 1 Greenleaf, Ev. § 511. 8 Mart. N. S. 382. This case differs from that of the *Succession of Stafford*, 2 An. Rep. 886, in which we held that a party would not be required to produce the entire record of insolvent or mortuary proceedings having no connection with his demand, but with which his demand had been cumulated.

The rejection of this testimony leaves the plaintiff's claim unsupported by evidence, and renders it necessary to remand the cause.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the cause be remanded for further proceedings according to law ; the plaintiff paying the costs of this appeal.